IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTIONE GLASCOE, | * | |
| Petitioner | * | Crim. No.  PJM 12-0132 |
| v. | * | Civil No.  PJM 16-2188 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

Antione Glascoe, through counsel, has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF No. 84. For the reasons stated below, the Court **DENIES** his Motion.

On October 4, 2012, Glascoe pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On January 30, 2013, this Court sentenced Glascoe to a term of 87 months imprisonment after finding that he had two prior convictions that qualified as "crimes of violence" under U.S.S.G. § 4B1.2(a), which in turn resulted in a ten-level sentencing offense level increase under U.S.S.G. § 2K2.1(a)(2). Specifically, the Court found that Glascoe had a second degree assault conviction and a resisting arrest conviction, both of which qualified as "crimes of violence."

On January 31, 2014, Glascoe filed a Motion for Writ of Habeas Corpus under 28 U.S.C. § 2255, alleging ineffective assistance of counsel because his trial attorney failed to file a notice of appeal. ECF No. 45. The Court appointed Glascoe counsel and, on July 30, 2015, Glascoe's counsel filed a "Second Supplemental Memorandum" in support of his First Motion to Vacate. ECF No. 64. In addition to discussing the ineffective assistance of counsel claim that was the subject of the First Motion to Vacate, the Second Supplemental Memorandum also raised

1

grounds for relief under recent Supreme Court cases *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). These grounds for relief were not raised in either Glascoe's First Motion to Vacate, ECF No. 45, or his filings attendant thereto, ECF Nos. 47, 53.

After an evidentiary hearing, the Court denied his First Motion to Vacate with regard to the ineffective assistance of counsel claims but severed the Second Supplemental Memorandum, construing it as a Second Motion to Vacate under § 2255 because of the new grounds claimed under *Johnson* and *Descamps*. ECF No. 72. It was designated the Civil Case No. 15-2423. ECF No. 71.

On February 29, 2016, the Office of the Federal Public Defender notified Chief Judge Blake of the District Court of Maryland that Glascoe was one of 459 defendants it had identified as possibly being eligible for relief under 28 U.S.C. § 2255 on the grounds that the new rule of constitutional law announced in *Johnson*, held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), might apply to his case. ECF No. 82. Chief Judge Blake agreed and appointed the Federal Public Defender to assist Glascoe in preparing another § 2255 proceeding. *Id.*

Glascoe then filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) in the Fourth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion. ECF No. 83. On June 17, 2016, the Fourth Circuit granted him authorization (*id.*), and on the same day, the Federal Public Defender filed the present motion as a separate civil suit. ECF No. 84.

Glascoe argues that, in light of the Supreme Court's recent decision in *Johnson*, his prior convictions for second degree assault and resisting arrest are no longer "crimes of violence." In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA") residual

2

clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Glascoe argues that it follows from *Johnson* that the identical residual clause in the career offender provision of the Sentencing Guidelines (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. However, on March 6, 2017, the Supreme Court held in *Beckles v. United States*, __ U.S.__, 137 S. Ct. 886 (2017) that *Johnson* does not apply to U.S.S.G. § 4B1.2(a)(2) because, unlike the ACCA, the Guidelines are advisory only. Thus, challenges under § 2255 to sentences imposed under the sentencing guidelines are not subject to *Johnson* challenges.

Since Glascoe's Motion rests entirely on the argument that *Johnson* applies to his claim, the Court **DENIES** his Motion to Correct Sentence Under 28 U.S.C. § 2255.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 28, 2017**